UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

       Plaintiff,                                Civil Action No.
                                                    08-CV-15061

vs.

                                                    HON. BERNARD A. FRIEDMAN

DAVID A. KING, et. al.,

       Defendants.
_____/

## OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT AND
## DENYING MOTION TO EXTEND AS MOOT

I.

Plaintiff Michael Charles Ward, a Michigan state prisoner currently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On December 17, 2008, the Court denied Plaintiff's application to proceed *in forma pauperis* on the basis that Plaintiff had "three strikes" within the meaning of 28 U.S.C. § 1915(g). Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). To date, Plaintiff has not paid the filing fee. Rather, Plaintiff has filed a "Motion to Extend," seeking an extension of time in which to pay the filing fee. For the reasons stated below, the Court will dismiss the complaint without prejudice and deny the motion to extend as moot.

II.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), a federal court may dismiss a case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F.Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *McFadden v. Parpan*, 16 F.Supp.2d 246, 247 (E.D.N.Y. 1998). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F.Supp. at 539; *McFadden*, 16 F.Supp.2d at 247. Moreover, the federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996); *Anderson v. Sundquist*, 1 F.Supp.2d 828, 830 (W.D. Tenn. 1998).

Plaintiff is not a stranger to the federal courts in Michigan. Rather, he has been an active litigant. In more than three of Plaintiff's previous lawsuits, the Court entered dismissals on the grounds of failure to state a claim and/or frivolousness. *See Ward v. Mich. Dep't of Corr.*, No. 97-CV-37 (W.D. Mich. Feb. 13, 1997) (failure to state a claim); *Ward v. Moss*, No. 93-CV-10125 (E.D. Mich. Mar. 24, 1994) (failure to state a claim), *aff'd*, No. 94-1417, 1994 WL 664948 (6th Cir. 1994); *Ward v. Farmer*, No. 90-CV-71761 (E.D. Mich. July 31, 1990) (frivolous); *Ward v. Minnick*, No. 87-CV-73317 (E.D. Mich. July 21, 1991) (frivolous), *aff'd*, No. 88-2070, 1989 WL25780 (6th Cir. 1989). Although three of the dismissals were entered before the enactment of the PLRA on

April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. Additionally, the allegations contained in Plaintiff's present complaint do not fall within the exception to the three strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury. *See Mulazim v. Mich. Dep't of Corr.*, 28 Fed.Appx. 470, 472 (6th Cir. 2002).

Moreover, Plaintiff was denied leave to proceed *in forma pauperis* in a prior action because he had three strikes. *See Ward v. Jones*, No. 01-CV-12 (W.D. Mich. July 10, 2002). As the Seventh Circuit has noted, "[a]n effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F.3d 857, 859 (7th Cir. 1999). In this case, Plaintiff has committed what is tantamount to a fraud upon this Court by requesting *in forma pauperis* status without revealing that another judge has previously precluded him from proceeding *in forma pauperis* pursuant to § 1915(g). *See Fields v. Gilmore,* 145 F.Supp.2d 961, 963 (C.D. Ill. 2001).

Plaintiff's complaint is therefore subject to dismissal pursuant to § 1915(g). Should Plaintiff wish to proceed on the claims contained in his complaint, he must file a new complaint with payment of the full filing fee. Given that determination, the Court will deny Plaintiff's motion to extend as moot. The Court also refuses to certify that an appeal from this dismissal would be in good faith.

III.

Accordingly,

IT IS ORDERED that Plaintiff's complaint is dismissed without prejudice to Plaintiff filing a new complaint with full payment of the $350.00 filing fee. *See* 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that Plaintiff's "Motion to Extend" [docket entry 7] is denied as moot.

IT IS FURTHER ORDERED that any appeal from this dismissal would not be in good faith.

|  |  |
|---|---|
|  | S/Bernard A. Friedman_____ |
| Dated: February 12, 2009 | BERNARD A. FRIEDMAN |
| Detroit, Michigan | SENIOR UNITED STATES DISTRICT JUDGE |